**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re:<br><br>McM, Inc.<br><br><br>  Debtor. | Bky. Case No.: 17-30061<br>Chapter 7<br><br>**NOTICE AND MOTION FOR SALE OF REAL ESTATE FREE AND CLEAR OF LIENS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(f)** |

1.  Erik Ahlgren, the trustee of the bankruptcy estate of the above-named debtor, hereby seeks to sell certain real estate free and clear of liens and encumbrances, pursuant to 11 U.S.C. 363(f).

2.  This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bank. P. 6004. This proceeding is a core proceeding. On February 10. 2017, the debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). The case is now pending in this court.

3.  This motion arises under 11 U.S.C. § 363(f) and Fed. R. Bankr. P. 6004.

4.  The Trustee requests that the Court issue an order authorizing the sale of the following real estate, free and clear of all liens and encumbrances:

> The West Half of the Southwest Quarter (W ½ SW ¼) of Section Twenty-Two (22) Township One Hundred Sixty (160), Range Fifty-three (53) (containing 79.37 tillable acres)

> and

> That part of Government Lots 3 & 4 and the S½NW¼, sometimes otherwise described as the NW¼, of Section 2, Township 159 North, Range 51 West of the 5th P.M. that lies West of the right-of-way of Interstate Highway No. 29 (as said highway property is more fully described in that certain Warranty Deed recorded as Document #136675 In Book "Y-5", page 353), BUT EXCEPTING THEREFROM the North 525 ft. thereof; AND ALSO EXCEPTING THEREFROM the following described tract of land: Part of the W½NW¼ of Sec. 2, Twp. 159 N, Rg. 51 W, 5th P.M., described as follows: Commencing at the northwest corner of said Section; thence South along the west line of said Section 1079.1 ft. to the point of beginning; thence East 620 ft.; thence South 703 ft.; thence West 620 ft. to said west line; thence North 703 ft. to the point of beginning (containing 85.92 tillable acres).

Together both parcels will be referred to as the "Property".

The Trustee proposes to the sell the Property to Randall Emanuelson, 15793 78th St NE, Drayton MN 58225, for the sum of $974,000.00. The Trustee has Earnest Money Contracts with the purchaser, setting forth the terms of the sale with a sale closing date of approximately 30 days.

5. The Property is fully encumbered by a North Dakota Open-End Mortgage from the Debtor to AgCountry Farm Credit Services, FLCA ("AgCountry") dated February 16, 2005, and recorded in the office of the Pembina County Recorder on February 23, 2005, as Document No. 228812 (the "AgCountry Mortgage"), and a Mortgage from the Debtor to BMO Harris Bank, N.A. ("BMO") dated April 13, 2015, and recorded in the office of the Pembina County Recorder on August 3, 2015, as Document No. 249239 (the "BMO Mortgage").

6. In order to provide for the payment of expenses in this Chapter 7 case and to afford general unsecured creditors an opportunity to participate in any recovery from the sale of the Property, the Trustee, AgCountry and BMO agreed to sell the Property pursuant to the terms of a Settlement Agreement filed as Document No. 454 in this bankruptcy case, which Settlement Agreement was approved by an order of this court filed as Document No. 455. This court approved agreement will be referred to as the "Carve Out Agreement".

7. Pursuant to the terms of the Carve Out Agreement, the Trustee is authorized to sell the Property and, upon closing, to apply the proceeds in the following order of priorities:
    a. Unpaid real estate taxes or assessments;
    b. Customary filing or recording fees and closing costs;
    c. Payment in full of the current balance of principal and interest of the AgCountry Mortgage as of the date of closing;
    d. $5,000 per parcel (two parcels for a total of $10,000), plus actual out-of-pocket advertising costs of no more than $1,500 in total for the two parcels, paid to Steven C. Ekman, PC[1];
    e. $15,000 per parcel (two parcels for a total of $30,000) retained by the Trustee on behalf of the bankruptcy estate; and
    f. The remaining funds paid to BMO.

---

[1] The Trustee filed an application to approve the employment of Steven C. Ekman to assist in selling the Property as Document No. 444, which application was approved by an order of this court filed as Document No. 463.

8. The Trustee requests that the sale be made free and clear of liens and encumbrances, pursuant to 11 U.S.C. 363(f) and that the Court issue an order finding that all liens and encumbrances against such property be avoided. The liens and encumbrances which the trustee seeks to avoid include, but are not limited to the following:

    a. Pembina County real estate taxes for 2016 and 2017 equal to $6,002.94;
    b. The AgCountry Mortgage has an outstanding balance of $137,166.66 on January 29, 2018, with per diem interest of $40.72 following that date; and
    c. The BMO Mortgage secures the entire debt to BMO, subject to a cap of $1 million.

9. The Property may be sold free and clear of real estate tax liens and the AgCountry Mortgage pursuant to 11 U.S.C. 363(f)(3) because the price at which the Property is to be sold is greater than the aggregate value of these liens.

10. The Property may be sold free and clear of the BMO Mortgage pursuant to 11 U.S.C. 363(f)(2) because BMO has consented to the sale as described in the Carve Out Agreement.

11. To the Trustee's knowledge, after a thorough and diligent search, no liens or encumbrances other than those described above, exist against the Property.

12. Based on the foregoing, the Trustee respectfully requests an order of this Court authorizing the sale of the Property free and clear of the above referenced liens and that he be authorized to distribute the sale proceeds as follows:

    a. To the Pembina County treasurer, all real estate taxes pro-rated through the date of closing;
    b. To the Pembina County Recorder, all customary filing or recording fees for the documents to be filed to effectively convey the real estate to the purchaser free and clear of liens and encumbrances;
    c. To AgCountry, the outstanding balance of $137,166.66 due on January 29, 2018, with per diem interest of $40.72 following that date;
    d. $5,000 per parcel (two parcels for a total of $10,000), plus $463.65 for updating the abstracts and $1,201.10 for actual out-of-pocket advertising and postage costs, paid to Steven C. Ekman, PC;
    e. $15,000 per parcel (two parcels for a total of $30,000) retained by the Trustee on behalf of the bankruptcy estate; and
    f. The remaining funds paid to BMO.

13. To the Trustee's knowledge, after a thorough and diligent search, no liens or encumbrances other than those described above, exist against the real estate. The Trustee alleges that the sale price of the real estate exceeds the liens to be avoided and the exemption to be paid to the debtor. Further, each of the lienholders can be compelled to accept a money satisfaction of its interest. The Trustee may sell the property free of the liens and encumbrances pursuant to 11 U.S.C. 363(f), which provides:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if-
> . . .
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> . . .
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

The Trustee meets the requirements of each of these sections and is authorized to sell the real estate free and clear of the liens identified.

The Trustee respectfully requests that the Court issue an order authorizing the sale of the real estate free and clear of liens, avoiding all liens against the real estate, and that the sale proceeds be distributed as requested.

**NOTICE OF MOTION:** Your rights may be affected in this action. You should read these papers carefully and discuss the matters with your attorney if you have one. Any objections to this motion must be made within 21 days of this date with an original filed with the Clerk of Bankruptcy Court and copies served upon the Bankruptcy Trustee and United States Trustee at the addresses stated below. Failure to timely respond to this motion will be deemed a waiver of any objections and the Court will grant such relief as it deems appropriate.

| Clerk, U.S. Bankruptcy Court<br>Quentin N Burdick U. S. Courthouse<br>655 1st Ave N – Ste 210<br>Fargo, ND 58107-4932 | U.S. Trustee<br>314 S Main Ave<br>Suite 303<br>Sioux Falls SD  57104-6462 | Trustee<br>(see address below) |
|---|---|---|

DATED: February 2, 2018

/s/ Erik A. Ahlgren\_\_\_\_
Erik A. Ahlgren, Trustee
220 W Washington Ave Ste 105
Fergus Falls MN  56537
218-998-2775